# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:08cv182-1-C
## 3:07cr54-C

| | |
|---|---|
| MITCHELL GATEWOOD, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>) | ORDER |

**THIS MATTER** comes before the Court for an initial review of the remaining claims[1] contained in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed April 24, 2008; Petitioner's First Supplemental Amendment (Doc. No. 23), filed October 15, 2009; and Petitioner's Second Supplement Amendment (Doc. No. 24), filed November 9, 2009.

## I. PROCEDURAL HISTORY

On March 22, 2007, Petitioner was named in a two-count Bill of Information. (Case No. 3:07cr54, Doc. No. 1). Count One charged Petitioner with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Count Two charged Petitioner with uttering a forged and counterfeit security, in violation of 18 U.S.C. § 513. That same day, the parties filed a plea agreement with the Court. (Case. No. 3:07cr54, Doc. No. 2). On April 5, 2007, Petitioner, pursuant to the terms of his

---

[1] Petitioner initially raised a claim alleging that his counsel failed to file a direct appeal despite Petitioner's instruction that he do so. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). The Court ordered the government to respond to this claim only (Doc. No. 2), and the government filed its Response (Doc. No. 4) on July 16, 2008. The Court then held an evidentiary hearing on September 30, 2008, for the purpose of determining whether Petitioner had in fact given his counsel an instruction to file a direct appeal on his behalf. Finding that Petitioner had not done so, the Court dismissed Petitioner's Peak claim at that time. Petitioner's remaining claims are addressed herein.

1

plea agreement, entered a guilty plea to both counts at a Rule 11 hearing. (Case No. 3:07cr54, Doc. No. 6: Entry of Plea). On November 19, 2007, this Court sentenced Petitioner to 60 months' imprisonment on Count One and 78 months' imprisonment on Count Two to be served concurrently with Count One. Final judgment was entered on December 5, 2007. (Case No. 3:07cr54, Doc. No. 13).

Petitioner did not file a Notice of Appeal, but timely filed the instant Motion to Vacate, alleging ineffective assistance of counsel, breach of the attorney-client privilege, a violation of his Fourth Amendment right against unreasonable search and seizure, and challenging the constitutionality of his sentence. (Doc. No. 1 at 4-9). In subsequent amendments to his Motion, Petitioner also alleges that he was forced to make incriminating statements in violation of his rights under Miranda and the Fifth Amendment. (Doc. No. 23 at 1; Doc. No. 24 at 9-10).

## II. DISCUSSION

### A. Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the district court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted. Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his § 2255 claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Following a review of the entire record, the Court finds that the pleadings and additional materials submitted by

2

Petitioner conclusively shows that he is not entitled to relief on any of his claims; thus, a hearing is not required and Petitioner's Motion to Vacate will be denied and dismissed.

**B. Ineffective Assistance of Counsel**

Petitioner alleges that his counsel was ineffective for failing to: (1) investigate his case and interview witnesses; (2) check the veracity of an affidavit filed in support of an application for a search warrant; (3) negotiate a plea agreement that guaranteed a motion by the government for a downward departure, presumably under U.S.S.G. § 5K1.1, for Petitioner's substantial assistance; (4) object to findings in his Presentence Report ("PSR"); (5) move to suppress statements given without Miranda warnings, or against his will in violation of the Fifth Amendment; and (6) file discovery and other pretrial motions. (Doc. No. 1 at 4). Petitioner further alleges that his counsel was unfamiliar with applicable law and unprepared throughout the course of his representation. (Doc. No. 1-1 at 4).[2]

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. As movant, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

---

[2] The instances of ineffective assistance of counsel alleged in Petitioner's Motion to Vacate and its amendments have been condensed into these grounds in an attempt to streamline Petitioner's pro se pleadings and eliminate allegations that the Court finds redundant.

3

To prove Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If challenging the validity of his guilty plea, a petitioner must show that but for his counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

Many of Petitioner's allegations of ineffective assistance are so vague and non-specific that they simply cannot demonstrate either prong of the Strickland test. "Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." United States v. Golden, 37 F. App'x 659, 659 (4th Cir. June 19, 2002) (unpublished) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)); see also United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004) ("airy generalities" and "conclusory assertions" do not warrant an evidentiary hearing). These include Petitioner's allegations that his counsel failed to investigate his case, check the veracity of the affidavit supporting the application for a search warrant, object to the PSR, file discovery motions, familiarize himself with the applicable law, and otherwise prepare himself to adequately represent Petitioner. Nowhere in the entirety of Petitioner's pleadings is there any factual support for these wholly conclusory allegations, nor has Petitioner even attempted to show resulting prejudice. Accordingly, these claims of ineffective assistance of counsel will be summarily dismissed.

A few of Petitioner's allegations do, however, warrant further discussion. Petitioner claims

4

that his counsel was ineffective for failing to secure a motion for downward departure from the government under U.S.S.G. § 5K1.1 as a reward for his substantial assistance.[3] Petitioner's plea agreement contemplated such a motion in the event that Petitioner provided assistance, but made clear that the government would retain "sole discretion" to determine whether Petitioner's assistance was substantial. (Case No. 3:07cr54, Doc. No. 2: Plea Agmt. ¶ 22). Nevertheless, Petitioner alleges that his counsel "affirmatively misrepresented the consequences of the guilty plea . . . by leading him into thinking that a downward departure would likely be forthcoming without getting the government's motion prior to the Rule 11 hearing or thereafter." (Doc. No. 23 at 2).

The record reveals that this claim is without merit. On this claim of ineffective assistance, Petitioner may establish Strickland prejudice only by showing that a reasonable defendant in his position would not have plead guilty absent a guarantee from the government to file a § 5K1.1 motion. Petitioner's Rule 11 hearing occurred on April 5, 2007. (Case No. 3:07cr54, Doc. No. 6). Petitioner does not sufficiently allege that he provided substantial assistance to the government at any point, let alone prior to his entry of a guilty plea on this date. In light of the substantial benefit already offered by the plea agreement,[4] no reasonable defendant would have held out for such a guarantee from the government, especially when he had yet to provide his end of the bargain. Thus, Petitioner cannot show any prejudice resulting from his counsel's failure to secure a motion for downward departure.

Moreover, Petitioner's counsel could not have "affirmatively misrepresented the

---

[3] U.S.S.G. § 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

[4] Petitioner's counsel states in his affidavit that in exchange for a guilty plea, the Government agreed not to charge Petitioner additionally with aggravated identity theft, in violation of 18 U.S.C. § 1028A, which carries a mandatory minimum two-year term of imprisonment. (Doc. No. 3-2: Slawinski Aff. ¶ 5).

consequences of the guilty plea" by telling him that "a downward departure would likely be forthcoming." (Doc. No. 23 at 2). Petitioner's plea agreement made clear that a motion for downward departure depended entirely on the level of assistance Petitioner would provide and the government's discretion. (Case No. 3:07cr54, Doc. No. 2: Plea Agmt. ¶¶ 21-22). At his Rule 11 hearing, Petitioner swore that he had read his Plea Agreement and understood its terms. (Case No. 3:07cr54, Doc. No. 6: Entry of Plea ¶ 23). Thus, even if Petitioner's counsel told him that a downward departure was likely forthcoming, Petitioner should have understood this statement not as an affirmative representation of fact, but as a prediction contingent on factors beyond counsel's direct control. The fact that such a prediction never came to fruition is not evidence of ineffective assistance of counsel.

Finally, Petitioner claims that his counsel was ineffective for failing to move to suppress incriminating statements given involuntarily or in violation of his Miranda rights. Specifically, Petitioner alleges that he was never given Miranda warnings during an interrogation by government agents, and he was coerced into giving incriminating statements. (Doc. No. 23 at 1). Petitioner does not describe the interrogation in detail, but alleges that he "was unlawfully detained and deprived of his freedom of liberty during questioning on more than one occasion in his home . . . ." (Id. at 3). Petitioner claims that his counsel should have challenged the admissibility of these statements, and if his counsel had done so, the statements may have been suppressed and the charges dropped for lack of evidence. (Id. at 2).

Miranda warnings are required as a prerequisite to interrogation only when "there has been such a restriction on a person's freedom as to render him 'in custody.'" Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam). An individual is "in custody" for purposes of Miranda when, under the totality of the circumstances, his "freedom of action is curtailed to a 'degree associated

with formal arrest.'" Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam)). Additionally, a statement is given involuntarily and in violation of the Fifth Amendment if the totality of circumstances surrounding the statement indicate that the defendant's will was overborne, or his capacity for self-determination was critically impaired. United States v. Cristobal, 293 F.3d 134, 140 (4th Cir. 2002).

Here, Petitioner has failed to show that his counsel's decision not to challenge the admissibility of these statements on Miranda or voluntariness grounds fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Petitioner alleges that the interrogation took place in his home, but does not allege that his interrogators actually placed him under formal arrest,[5] told him that he was under arrest, drew their weapons in his presence, or handcuffed or otherwise restrained his movement. The presence of one or more of these circumstances is often necessary to necessitate Miranda warnings during an in-home interrogation. See United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001) (finding no Miranda warnings required in the absence of any of the aforementioned circumstances). In light of this, Petitioner's conclusory allegations that he was "unlawfully detained" and "deprived of his freedom of liberty" do not plausibly suggest a violation of Miranda, nor do they suggest that his statements were otherwise involuntary. Petitioner cannot claim his counsel was ineffective for declining to file motions to suppress that would have been futile. Thus, Petitioner's final claim for ineffective assistance of counsel will be dismissed.

**C. Remaining Claims**

In addition to Petitioner's claim for ineffective assistance of counsel, Petitioner also raises

---

[5] In fact, the record indicates that a summons was issued to Petitioner in lieu of an arrest warrant (Case No. 3:07cr54, Doc. No. 3), meaning that Petitioner was never placed under formal arrest prior to entering a guilty plea at his Rule 11 hearing on April 5, 2007.

7

the following as independent grounds for habeas relief: (1) that attorneys representing him on an unrelated state-law charge breached the attorney-client privilege; (2) that the search warrant issued in his case was not supported by probable cause, in violation of the Fourth Amendment; (3) that his sentence is unconstitutional; and (4) that he made incriminating statements without receiving Miranda warnings and against his will in violation of the Fifth Amendment. (Doc. No. 1 at 5, 7, & 8; Doc. No. 23 at 1). All of these claims must be denied.

As a preliminary matter, each of these claims was waived by Petitioner's plea agreement. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); accord United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir.), cert. denied, 546 U.S. 952 (2005). Petitioner's plea agreement explicitly waived his right to challenge his sentence or conviction except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Case No. 3:07cr54, Doc. No. 2: Plea Agmt. ¶ 18). None of Petitioner's remaining claims are within the scope of the two exceptions noted in Petitioner's post-conviction waiver provision. At his Rule 11 hearing, Petitioner swore under oath that, among other things, he understood that the agreement waived his right to challenge his conviction or sentence except on these limited grounds. (Case No. 3:07cr54, Doc. No. 6: Entry of Plea ¶ 25). These statements made under oath create a "strong presumption" that Petitioner waived this right both knowingly and voluntarily. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (affirmations made during a Rule 11 proceeding constitute "strong evidence" of voluntariness). Petitioner has not claimed or otherwise suggested that he did not understand the meaning of this provision. Thus, the Court concludes that the Plea Agreement's waiver provision is valid and fully enforceable and stands as an absolute bar to Petitioner's attempt to challenge his

8

conviction and sentence on these grounds.

Moreover, even if Petitioner's plea agreement had not waived his right to raise these claims on collateral review, claims that could have been raised on direct appeal, but were not, are procedurally defaulted. Bousley v. United States, 523 U.S. 614, 621 (1998). Here, Petitioner failed to file a direct appeal. He does not allege any basis for finding that cause and prejudice exist to excuse his procedural default, nor does he allege that he is actually innocent. See id. at 621-23 (discussing exceptions to procedural default). Accordingly, Petitioner's failure to raise these claims on direct review also bars him from attempting to do so now.

Finally, even if these claims were not waived or procedurally barred, none would warrant habeas relief. Petitioner's claim that his sentence is unconstitutional is an "unsupported conclusory assertion" accompanied by no explanation whatsoever and, accordingly, would warrant no further review. Petitioner's claim for breach of the attorney-client privilege is based upon an allegation that attorneys representing him on a state charge for first degree burglary shared privileged communications with federal investigators without first obtaining use-immunity or Petitioner's consent. (Doc. No. 1 at 5). Petitioner fails, however, to explain what information was allegedly disclosed by his state attorneys or to what extent the disclosure prejudiced him in his federal case. Regardless, even if this information lead to the discovery of evidence in Petitioner's federal investigation, it was no violation of Petitioner's Sixth Amendment right to counsel, because federal charges had not been filed at the time of the alleged disclosure. See United States v. White, 879 F.2d 1509, 1513 (7th Cir. 1989) (holding that information obtained during the pre-indictment stage by breach of the attorney-client privilege cannot violate the Sixth Amendment).

Even if this disclosure had deprived Petitioner of a constitutional right, Petitioner's subsequent guilty plea precludes him from advancing this claim now as an independent ground for

9

habeas relief. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (after entry of a voluntary guilty plea, claims of antecedent, non-jurisdictional constitutional violations may only be advanced under a theory of ineffective assistance of counsel). The same holds true for Petitioner's claims under the Fourth Amendment, Miranda, and the Fifth Amendment. Petitioner raised his counsel's failure to file suppression motions on each of these grounds as evidence of ineffective assistance of counsel, and the Court addressed the merits of these contentions in its application of the Strickland test. They may not be raised again as independent grounds for habeas relief. Tollett, 411 U.S. at 267. Because they have been waived, are procedurally defaulted, and provide no meritorious grounds for relief, Petitioner's remaining habeas claims will also be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: September 13, 2010

Robert J. Conrad, Jr.
Chief United States District Judge